WALL RICE MILLING COMPANY v. CONTINENTAL SUPPLY COMPANY.

No. 2033.    Decided July 7, 1909 (103 Pac. 242).

1. SALES—EXECUTORY CONTRACTS—RIGHT OF INSPECTION BY BUYER. A buyer in an executory contract of sale of goods by sample without express warranty has the right to a reasonable opportunity to inspect the goods within a reasonable time as a condition precedent to the passing of title. (Page 125.)

2. SALES—ACCEPTANCE—EFFECT. Where a buyer entitled to inspect the goods as a condition precedent to the passing of the title inspected and accepted them, he must pay the price fixed in the contract containing no express warranty, without any right to recoup damages for any defect subsequently discovered. (Page 125.)

3. SALES—INSPECTION OF GOODS—EFFECT. A buyer of rice entitled to inspect the same as a condition precedent to the passing of title does not as a matter of law accept the rice by merely taking the same from the car in which it was shipped to make a proper inspection. (Page 125.)

4. SALES—EXECUTORY CONTRACTS—PASSING OF TITLE—QUESTION FOR JURY. Whether a buyer in an executory contract of sale of goods by sample containing no express warranty received the goods for inspection only, whether the inspection was made within a reasonable time and in a proper manner, and whether what was actually done amounted to an acceptance are questions of fact. (Page 125.)

5. TRIAL—REFUSAL TO SUBMIT ISSUES—EFFECT. Where, in an action for goods sold and delivered, the buyer relied on his refusal to accept the goods because they were not of the quality represented, the refusal to submit the issue whether the buyer could reject the goods because the seller-shipped a quantity in excess of that ordered was not prejudicial to the seller. (Page 126.)

6. TRIAL—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THOSE GIVEN. It is not error to refuse a requested charge substantially covered by the court's general charge. (Page 126.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by the Wall Rice Milling Company against the Continental Supply Company. Judgment for defendant, plaintiff appeals.

AFFIRMED.

*Valentine Gideon* for appellant.

*C. R. Hollingsworth* for respondent.

RESPONDENT'S POINTS.

The question of accept and receive, delivery, inspection or its waivers and the intention of the parties, in an action brought to recover for goods sold under an oral agreement, are all questions of fact for the jury. (Benjamin on Sales, section 895; Williston on Sales, section 96; *Edan v. Dudfield,* 1 Q. B. 302; *Morton v. Tibbett,* 15 Q. B. 428; *Garfield v. Paris,* 96 U. S. 563, 24 L. Ed. 821; *Hinchman v. Lincoln,* 124 U. S. 38, 8 Supt. Ct. 369, 31 L. Ed. 337; *Somers v. McLaughlin,* 15 N. W. 442; *Waite v. McKelvey,* 73 N. W. 727; *Houghtaling v. Ball,* 59 Am. Dec. 331; *Becker v. Holm,* 61 N. W. 307; *Richardson v. Smith,* 70 L. R. A. 321; *Lauer v. Richmond Inst.,* 8 Utah 309. The clear and unequivocal acts showing an acceptance, or from which an acceptance may be inferred, must relate to some

dealing with the property itself by the buyer or his authorized agent, after the delivery of the whole or a part of it.    (1 Reed, St. Frauds, 262; Benj. Sales 139; *Baldey v. Parker,* 2 Barn & C. 37; *Tempest v. Fitzgerald,* 3 Barn. & Ald. 680; *Maberley v. Sheppard,* 10 Bing. 99; *Carter v. Toussaint,* 5 Barn. & Ald. 855; *Smith v. Surman,* 9 Barn & C. 651; *Johnson v. Cuttle,* 105 Mass. 447; *Rodgers v. Phillips,* 40 N. Y. 519; *Cross v. O'Donnell,* 44 N. Y. 661; *Grimes v. Van Vechten,* 20 Mich. 410; *Taylor v. Mueller,* 30 Minn. 343, 15 N. W. 413; *Frostberg Mfg. Co. v. New England Glass Co.,* 9 Cush. 115; *Allard v. Greasert,* 61 N. Y. 1; *Shepherd v. Pressey,* 32 N. H. 49.)

FRICK, J.

This is an action to recover the purchase price of a car load of rice, which, it is alleged, respondent purchased from appellant.    While respondent interposed a number of defenses and also set up a counterclaim, the only defense which was submitted to the jury by the trial court and upon which the verdict in favor of respondent is based is the one that the rice was not of the quality represented by appellant, and that, upon inspection of the rice by respondent, it refused to accept the same or any part thereof.

The material facts in brief are:    That at the times alleged appellant was engaged in the business of preparing rice and selling it in wholesale quantities, its place of business being at Lake Charles, La., while respondent was engaged in business at Ogden, Utah.    Mr. Geoghegan represented appellant as its agent at Salt Lake City.    In March, 1908, respondent placed a verbal order with Mr. Geoghegan as claimed by it for three hundred sacks of unmilled rice containing one hundred pounds each at the agreed price of $4.37 1-2 per cwt., free on board cars at Lake Charles, La., and that the quality of the rice was to be in accordance with the specified sample agreed upon by the parties.    The only difference between the claim made by respondent and Mr. Geoghegan is that, while respondent claims the order was for three hundred, Geoghegan claims it was for four hundred

sacks. This difference, as will appear, hereafter, however, is not material. The order was duly forwarded by Mr. Geoghegan to appellant, and on the 6th day of April, 1908, appellant, at Lake Charles, La., loaded in a certain car five hundred and twelve sacks of one hundred pounds each of what it claimed to be unmilled rice of the quality ordered by respondent. The car was consigned in the name of appellant to Ogden, Utah, and respondent was duly notified that the car had been loaded as aforesaid and was being forwarded. A draft for the amount of the purchase price was attached to the bill of lading, and was forwarded by mail to one of the banks at Ogden, Utah. The bill of lading contained a stipulation that respondent was entitled to inspect the rice before acceptance. Upon the arrival of the car at Ogden respondent obtained permission to open the car for the purpose of inspecting the rice. On opening the car, it was found that the car was a small one, and that it was impractical to inspect the rice in the car. Respondent thereupon procured the rice to be taken from the car to its warehouse, where it is claimed it was taken for the purpose of inspection, and, upon such inspection being made, respondent claims that the rice was found to be damaged and of a quality inferior to the sample before referred to. Respondent refused to accept the rice and forthwith returned the same to the car, and notified the appellant of what it had done, and refused to pay for the rice or any part thereof. Upon substantially the foregoing facts the jury found that the rice was not in accordance with the sample; that it was damaged and of an inferior quality, and that the respondent had not accepted the same, and, in view of these facts, the jury found that respondent was not liable for the purchase price.

Appellant asserts that in unloading the rice and removing the same to its warehouse respondent as a matter of law accepted it, and that the court erred in refusing appellant's request to so instruct the jury. We are clearly of the opinion that the court did not err in refusing appellant's request. It is agreed by both parties that respondent had the right of inspection before accepting the rice. And, in any event, in

view that the sale was by sample, that the appellant and not the respondent selected the rice, that there was no express warranty upon which respondent could rely and for a breach of which it could recover in a proper action the right of inspection must have been intended by the parties as a condition precedent to the passing of title. No doubt, under the facts disclosed by this record, if respondent inspected and in fact had accepted the rice, it was bound to pay the purchase price without right to recoup damages for any defect in quality which might have been discovered after inspection and acceptance. The transaction is not one of an executed contract of sale upon an express warranty of quality upon which the purchaser could rely after acceptance of the article purchased. The inspection, therefore, was to protect respondent, and for this purpose it was entitled to reasonable opportunity to make an inspection as well as a reasonable time in which to make it; and, if the rice was taken from the car for the purpose only of giving respondent opportunity to make a proper inspection of the numerous sacks of rice contained in the car, the mere removing of the rice, if done for that purpose only, would not, in law, constitute an acceptance, although it may by a strict construction constitute a receipt of the rice by taking it from the car. (2 Mechem on Sales, sections 1210, 1211, 1212; Benjamin on Sales, sections 703, 706; *Pierson v. Crook,* 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831; *Fogel v. Brubaker,* 122 Pa. 14, 15 Atl. 692.) In the last case referred to the distinction with respect to the doctrine applicable to executed contracts wherein an express warranty is contained and to executory contracts like the one at bar is admirably stated. It is there pointed out that in the latter class of cases the question of whether the receipt of the articles by the purchaser was for the purpose of inspection only, that whether the inspection was made within a reasonable time and in the proper manner, and whether what was actually done amounted to an acceptance or not are all questions of fact and not of law. No claim is made, and none could well be, that there is no evidence

to justify the verdict of the jury. The trial court submitted all these questions to the jury in what we conceive to be full and proper instructions; and hence the appellant has no cause for complaint. Nor did the court commit error in refusing appellant's other requests. The request that the respondent in view of the circumstances could not reject the rice upon the ground that appellant shipped a quantity in excess of what was ordered was an issue not submitted to the jury. Upon that issue appellant obtained an advantage for the reason that the trial court permitted respondent to refuse acceptance upon the sole ground that the rice was not in accordance with the quality of the sample submitted. The court, therefore, committed no error in refusing this request. Request No. 6, which was likewise refused, contains no propositions of law which were not substantially covered by the court's general charge; and hence the court committed no error in refusing this request. Nor was the appellant prejudiced in the admission of the exhibits complained of. In this connection we remark that the case was fully and fairly tried and appellant was given every right to which it was entitled, and the real issue in the case, namely, as to whether the acts of the respondent in handling the rice constituted an acceptance of it, and whether the respondent had the right to reject it on the ground of a defect in quality, were fairly submitted to the jury in terms that men of ordinary intelligence could not fail to comprehend.

From a careful inspection of the record we can discover no prejudicial error. The judgment, therefore, ought to be, and is accordingly affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.